**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Ricardo Sims,

        Plaintiff,

        v.

Experian Information Solutions, Inc.,

        Defendant.
_____/

Civil Case No:

JURY TRIAL DEMANDED

Ricardo Sims ("*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against defendant Experian Information Solutions, Inc. ("*Experian*" or "*Defendant*") as follows:

## INTRODUCTION

1. This action seeks to recover for violations of the Fair Credit Reporting Act (the "*FCRA*"), 15 U.S.C. § 1681 *et seq*.

2. This action seeks relief against Defendant for reporting inaccurate and/or misleading information on Plaintiff's credit report in violation of 15 U.S.C. § 1681e(b); and for Defendant's failure to conduct a reasonable investigation into Plaintiff's disputes in violation of 15 U.S.C. § 1681i(a).

3. Plaintiff seeks an Order enjoining Defendant's injurious conduct and to recover, *inter alia*, statutory damages, prejudgment and post-judgment interest, and reasonable attorneys' fees and expenses for injuries suffered as a result of Defendant's erroneous reporting of inaccurate information in Plaintiff's consumer background reports.

1

4. As a result of Defendant's conduct in misreporting or erroneous and inaccurate information and as a result of Defendant's failure to reasonably investigate Plaintiff's dispute and correct the inaccuracies identified, Plaintiff has sustained actual damages including, but not limited to: a decreased credit score; decreased credit worthiness and credit capacity; emotional and mental pain due to the anxiety and stress of the negative credit impact of the errors at issue despite taking steps to resolve it; and the dissemination of this inaccurate reporting to third parties.

5. Plaintiff seeks to recover monetary damages for Defendant's violations of the FCRA and to have an Order issued by this Court enjoining Defendant from persisting in its violative behaviors.

## JURISDICTION AND VENUE

6. Jurisdiction of the Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(3) insofar as Plaintiff resides in this judicial district and the majority of the acts and/or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## PARTIES

8. Plaintiff Ricardo Sims is an adult who is a citizen of the State of Florida residing in Palm Beach County.

9. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

10. Defendant Experian is an Ohio corporation which has a principal place of business located at 475 Anton Blvd., Costa Mesa, CA 9262 and is registered to do business in the State of Florida.

11. Defendant Experian is a consumer reporting agency ("*CRA*") as defined under 15 U.S.C. § 1681a(f), that regularly conducts business in this judicial

district.

12. Defendant Experian by contractual agreement, disseminates consumer background reports for remuneration to third parties, including that of Plaintiff.

## SUBSTANTIVE ALLEGATIONS OF FCRA

13. Congress enacted § 1681 *et seq.* of Title 15 of the United States Code, which § 1681(a) which states as follows:

   (1) The banking system is dependent upon fair **and accurate** credit reporting. **Inaccurate credit reports directly impair the efficiency of the banking system**, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.

   (2) An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers.

   (3) Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.

   (4) There is a **need to insure that consumer reporting agencies exercise their grave responsibilities with fairness**, impartiality, and a respect for the consumer's right to privacy.

(Emphases added).

14. FCRA mandates that CRAs adhere to the following duties: (i) to assure maximum possible accuracy of information when preparing consumer reports and to set up reasonable policies procedures to maintain compliance with this minimum reporting standard; and (ii) to reinvestigate the facts and circumstances surrounding a dispute by consumers and to appropriately and timely correct any inaccuracies, including by quickly notifying the furnisher and any other parties in the distribution chain of the disputed inaccuracies.

15. CRAs compile, maintain, and report information concerning the

creditworthiness, credit-standing, credit capacity, character, and reputation of consumers in general, and of Plaintiff specifically. That information is then made available for use by third parties in credit transactions involving consumers, for employment purposes, for the underwriting of insurance for consumers, and even for housing.

16. Plaintiff has a legally protected interest in Defendant fulfilling its duties under FCRA so that the credit information being furnished and reported by it is maintained fairly, with the maximum levels of confidentiality, accuracy, and relevancy.

17. Plaintiff's injuries are particularized and actual and are directly traceable to Defendant's conduct, misconduct and/or omissions. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

## FACTUAL ALLEGATIONS

18. Defendant is reporting inaccurate information on Plaintiff's consumer credit report.

19. Plaintiff had a personal revolving credit card account with Barclays Bank Delaware ("*Barclays*"), which was opened in or about July, 2014 (the "*Account*").

20. Plaintiff made timely payments in connection with the Account from at least December of 2020 through September of 2022, inclusive.

21. Plaintiff tendered the final payment under the Account to Barclays on November 1, 2022. As a result, the Account was effectively satisfied in full and closed on the same date.

22. On or about June 23, 2023, Plaintiff discovered that Defendant was erroneously reporting the Account as being thirty (30) days late for the month of November 2022.

23. Upon discovering Defendant's erroneous reporting, Plaintiff contacted

4

Barclays to confirm that it had timely received the payment made on November 1, 2022 and that the Account was closed.

24. Barclays' representative confirmed both the receipt of Plaintiff's November 1, 2022 payment and that the account was closed on that date.

25. Between Equifax Information Servies LLC, Trans Union LLC ("Trans Union" and Experian, only Experian has furnished a 30-day late remark to Plaintiff's credit report for November 2022.

26. On or about June 28, 2023, Plaintiff caused a dispute letter to be sent via certified mail to Defendant informing it of this inaccuracy (the "*FCRA Dispute Letter*").

27. Based upon United States Postal Service tracking information, Defendant received the FCRA Dispute Letter.

28. Upon information and belief, Defendant forwarded a notice of dispute and all relevant information regarding the FCRA Dispute Letter to Barclays, as the furnisher of the information, within five business days of receipt of same.

29. Upon information and belief, Barclays received the notice of dispute and all relevant information from Defendant.

30. Following Defendant's thirty (30) day FCRA investigation period, Defendant continued to inaccurately report the Account as being 30 days late for the month of November, 2022.

31. Upon information and belief, Defendant either failed to perform any investigation at all or performed an unreasonable investigation and erroneously verified the inaccurate information as accurate.

32. Had Defendant performed a reasonable investigation, the Account at issue would have been modified to reflect Plaintiff's timely payment of the required amount on November 1, 2022 rather than the 30-day late payment notation, or Experian would have deleted the tradeline entirely.

5

33. Alternatively, and, upon information and belief, CRA Defendant failed to provide Barclays with the notice of dispute and all relevant information.

34. Alternatively, and, upon information and belief, Barclays provided Defendant with the correct information and directives regarding the Account Defendant failed to properly process or furnish this data to Plaintiff's credit report.

35. As such, Defendant failed to practice reasonable procedures to assure maximum possible accuracy.

36. As a result of Defendant's conduct in misreporting and failing to reasonably investigate the dispute and to correct the inaccuracies identified, Plaintiff has sustained actual damages including, but not limited to: a decreased credit score; decreased credit worthiness and credit capacity; wrongly inflated liabilities; emotional and mental pain due to the anxiety and stress of the negative credit impact of the errors at issue despite taking steps to resolve it; and the dissemination of this inaccurate reporting to third parties.

## COUNT I
**Defendant's Violations of the FCRA, 15 U.S.C. § 1681e(b).**

37. Plaintiff repeats and realleges the paragraphs 1 – 36 as if same were fully restated herein.

38. Defendant systemically violated 15 U.S.C. § 1681e(b) by failing to adhere to, maintain and/or establish reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files it compiled and maintained, which were published.

39. Upon receipt of Plaintiff's dispute, Defendant was legally required to: (i) conduct a reasonable investigation or re-investigation into all the circumstances surrounding the dispute; and (ii) when and if appropriate, remove any inaccurate information following the performance of the reasonable investigation.

40. Upon information and belief, Defendant's conduct in the instant matter

6

is representative of its normal policies and procedures (or lack thereof) for maintaining accurate credit reporting.

41. In violation of 15 U.S.C. §§ 1681e(b) and 1681(i), Defendant failed to follow reasonable procedures to assure maximum possible accuracy of the information attributable to Plaintiff, by reporting inaccurate information in Plaintiff's consumer background report.

42. Plaintiff disputed the inaccurate information and Defendant knowingly or intentionally failed to perform a reasonable investigation to remove the inaccurate information.

43. Plaintiff disputed the inaccurate information and Defendant recklessly failed to perform a reasonable investigation to remove the inaccurate information.

44. Alternatively, Plaintiff disputed the inaccurate information and Defendant negligently failed to perform a reasonable investigation to remove the inaccurate information.

45. As a result of Defendant's violations of 15 U.S.C. § 1681, Plaintiff suffered actual damages which have been further described in the above statement of facts.

46. In violation of 15 U.S.C. § 1681o and § 1681n, Defendant's conduct was a direct and proximate cause of Plaintiff's injuries.

47. Defendant is liable to Plaintiff for its negligent and willful failure to follow reasonable policies and procedures.

48. As a result of Defendant's violations of 15 U.S.C. §§ 1681e(b) and 1681i, Plaintiff suffered statutory and actual damages as described herein and is entitled to recover actual damages and punitive damages, pursuant to 15 U.S.C. §§ 1681n and 1681o.

49. For the foregoing reasons, Defendant violated 15 U.S.C. § 1681e(b) and is liable to Plaintiff for actual damages, statutory damages, punitive damages,

costs and attorneys' fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

### COUNT II
**Defendant's Violations of the FCRA, 15 U.S.C. § 1681i *et seq.***

50. Plaintiff repeats and realleges paragraphs 1 through 36 as if fully restated herein.

51. Defendant violated 15 U.S.C. § 1681i(a)(1) by failing to conduct reasonable reinvestigations to determine whether the disputed information was accurate and record the current status of the disputed information or delete the item from Plaintiff's credit report.

52. Defendant violated 15 U.S.C. § 1681i(a)(1) by relying upon only a cursory review of basic information and deferring entirely upon Barclays and merely parroting information received from the furnisher.

53. Defendant violated 15 U.S.C. § 1681i(a)(2)(A) by failing to provide Barclays all of the relevant information regarding Plaintiff and his dispute.

54. Defendant violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff regarding the dispute.

55. Defendant violated 15 U.S.C. § 1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate information from Plaintiff's credit file or correct the inaccurate information upon reinvestigation.

56. Defendant never contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's dispute.

57. Upon information and belief, Defendant never: (i) contacted any third parties that would have relevant information concerning Plaintiff's dispute; (iii) forwarded any relevant information concerning Plaintiff's dispute to Barclays; or (iv) requested or obtained any credit applications, or other relevant documents from Barclays. As such, there is no evidence of a reasonable investigation being

conducted.

58. As a result of Defendant's violations of 15 U.S.C. § 1681, Plaintiff suffered actual damages which have been further described above in the statement of facts.

59. Defendant's violations were willful because it had knowledge of the inaccuracy after receiving a detailed dispute letter and/or exhibited a reckless disregard for the information provided in that dispute, rendering Defendant individually liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

60. In the alternative, Defendant was negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

61. For the foregoing reasons, Defendant violated 15 U.S.C. § 1681i, and is liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorneys' fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## **JURY DEMAND**

62. Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests the Court enter judgment against Defendant, as follows:

a  Adjudging that Defendant's actions violated the FCRA;

b  Enjoining Defendant from persisting in violative behaviors and requiring Defendant to correct or otherwise delete the account at issue in Plaintiff's credit report;

c  Granting Plaintiff actual damages pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a);

9

d   Granting Plaintiff statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A);

e   Granting Plaintiff punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

f   Granting Plaintiff costs and reasonable attorneys' fees against the Defendant pursuant to 15 U.S.C. §§ 1681n(c) and 1681o(b);

g   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

h   Such other and further relief as the Court determines is just and proper.

DATED: December 21, 2023

**SANDERS LAW GROUP**

By: */s Craig B. Sanders*
Craig B. Sanders, Esq. (Fla Bar 985686)
333 Earle Ovington Boulevard, Suite 402
Uniondale, New York 11553
Email: csanders@sanderslaw.group
Office: (516) 203-7600
Fax: (516) 282-7878
*Attorneys for Plaintiff*
Our File No.: 128585